# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

  v.                                                                            Case No.  15-CR-47

**COREY D. MITCHELL,**

    Defendant.

## ORDER GRANTING DEFENDANT'S REQUEST FOR EVIDENTIARY HEARING ON MOTION TO SUPPRESS

On March 17, 2015, a grand jury sitting in the Eastern District of Wisconsin returned a two-count indictment against defendant Corey D. Mitchell ("Mitchell"). The indictment charges him with armed bank robbery, in violation of 18 U.S.C. § 2133(a) and (d) and with use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). This matter is presently before me on Mitchell's request for an evidentiary hearing on his motion to suppress.

## BACKGROUND

The facts underlying the motion are taken from the defendant's brief and are as follows: At approximately 11:15 a.m. on Friday, March 6, 2015, Milwaukee police officers Kathryn Anderer and Joshua Albert were dispatched to a bank at N. 52nd Street and W. North Avenue in Milwaukee, Wisconsin to investigate an alleged robbery. (Mtn. to Suppress, Docket # 16 at 2-3.) Either upon their arrival at the bank or at some point on their way there, the officers received a communication from the Milwaukee "Intelligence Fusion Center" that had come via a "confidential informant." (*Id.* at 3.)

Officers subsequently saw a grey Hyundai vehicle driving east on North Avenue near N. 48th Street, and followed it for a few blocks until it turned left onto N. 45th Street. (*Id.*) The vehicle then parked in front of 2746 N. 45th Street. (*Id.*) Officers exited their vehicles and approached the Hyundai. (*Id.*) These officers ordered the occupant of the Hyundai, Mitchell, to exit and immediately placed him under arrest. (*Id.*) On his person, they found two envelopes containing various denominations of currency, as well as a silver revolver. (*Id.*) Inside the vehicle, officers found a camouflage fishing hat. (*Id.*) Mitchell was subsequently taken by police to St. Joseph's Hospital for a medical evaluation. (*Id.*)

After he was released from the hospital, Mitchell was taken to the Police Administration Building at N. 7th Street and W. State Street in Milwaukee. (*Id.*) He was placed in an interrogation room. (*Id.*) According to the a video recording, his interrogation began at roughly 6:52 pm, more than seven-and-a-half hours after he was arrested. (*Id.* at 3-4.) This interrogation was conducted by Milwaukee Police Detective William Sheehan and FBI Agent Matthew Gibson. (*Id.* at 4.) Mitchell made incriminating statements, although he denied brandishing any firearm or bringing any firearm into the bank. (*Id.*)

Two days later, on the evening of Sunday, March 8, 2015, law enforcement officials conducted a lineup including Mitchell and five other participants, where Mitchell was identified by a witness. (*Id.*) This lineup was prepared and overseen by Detective Sheehan and Agent Gibson. (*Id.* at 4-5.) No attorney for Mitchell was present at the lineup. (*Id.* at 5.) Mitchell was subsequently charged via a criminal complaint in the Eastern District of Wisconsin on Tuesday, March 10, 2015 and brought before a magistrate judge the following day, Wednesday, March 11, 2015, at 2:30 p.m.

(*Id.*) Mitchell was never charged in state court for the alleged robbery or brought in front of a state court judge or court commissioner. (*Id.*)

## REQUEST FOR EVIDENTIARY HEARING

In his motion to suppress, Mitchell makes four arguments: (1) that the police lacked probable cause to arrest Mitchell; (2) that Mitchell was not promptly brought before a magistrate judge in violation of the *McNabb-Mallory* rule;[1] (3) that authorities held Mitchell for more than four days before a judicial officer found probable cause for his arrest; and (4) that Mitchell was denied his Sixth Amendment right to counsel at the lineup. As part of the motion to suppress, Mitchell seeks an evidentiary hearing as to the first two issues.

The government argues that an evidentiary hearing is unnecessary. (Gov't Resp. Br., Docket # 19 at 2.) With regard to the probable cause to arrest issue, the government proffered additional facts that it argues makes an evidentiary hearing unnecessary. (*Id.*) Specifically, the government states that it disclosed to defense counsel that the "confidential informant" referred to in the discovery was a Global Positioning System ("GPS") device that was attached to the bait money that was taken during the alleged armed robbery of the bank. (*Id.*) The government further states that it provided defense counsel with detailed maps showing the "pings" of the GPS that tracked the route of the alleged armed robber. (*Id.*) The government proffers that the GPS device revealed that the bait money stopped on N. 47th Street, near the corner of W. Wright Street, which was where the target vehicle stopped, thus allowing the officers to identify the "only vehicle" following the GPS device's path. (*Id.* at 3.)

---

[1] *McNabb v. United States*, 318 U.S. 332 (1943); *Mallory v. United States*, 354 U.S. 449 (1957).

As to the *McNabb-Mallory* issue, the government again proffered additional facts that it argues makes an evidentiary hearing unnecessary. These facts include that the Milwaukee Police Department and the FBI work together on a daily basis as part of the Milwaukee Area Violent Crimes Task Force and it is commonplace for the Task Force to respond to bank robberies. (*Id.* at 6.)

In his reply, Mitchell contends that an evidentiary hearing is still necessary as to the first two issues. (Def.'s Reply Br., Docket # 20 at 2.) As to the probable cause to arrest determination, Mitchell argues that the government's proffer of additional facts fails to identify who would testify to the information, creates new factual disputes, and fails to resolve other factual issues. (*Id.* at 4.) Mitchell disputes the government's contention that the GPS device transmitted its information directly to law enforcement, instead arguing that the information is provided to a third party, who then provides the information to law enforcement. (*Id.* at 5.) Mitchell argues that this factual dispute is material because whether a tip provides probable cause depends on the reliability of the confidential informant, in this case, the company receiving the information from the GPS tracking device. (*Id.*) Mitchell argues that the government has proffered no information in which the reliability of this company can be assessed and disputes the accuracy of the GPS device. (*Id.* at 6-7.) Mitchell further argues that a hearing is necessary because the government's proffer contradicts the police reports written by the arresting officers. (*Id.* at 8-9.)

Regarding the *McNabb-Mallory* issue, Mitchell argues that several factual disputes remain regarding the "working arrangement" between federal and state law enforcement. Specifically, Mitchell disputes the government's contention that he was brought before a "local official," arguing

that the first court officer he saw after his arrest was a federal magistrate judge.[2] (*Id.* at 11.) Mitchell also disputes the government's assertion that the decision to take Mitchell's case to federal court was not made until the Monday after his arrest, arguing that the decision to charge Mitchell federally was made by federal investigators on the day of his arrest. (*Id.* at 12.) Mitchell contends that federal agents would likely testify that "this U.S. Attorney's office rarely turns down requests by a federal agent to prosecute an armed bank robbery case." (*Id.*) Mitchell further contends that evidence at a hearing would show that the government's contention that federal officers are commonly involved in interrogations and investigations of cases where both state and federal jurisdiction exist is incorrect. (*Id.* at 12-13.) Finally, Mitchell argues that the government's proffer regarding Detective Sheehan's work on a joint state-federal task force is relevant to the analysis of the issue and would be properly addressed at an evidentiary hearing. (*Id.* at 13.)

It is well established that evidentiary hearings are warranted only when the defendant's allegations are definite, non-conjectural, and detailed enough to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact that will affect the outcome of the motion. *United States v. Coleman*, 149 F.3d 674, 677 (7th Cir. 1998). Evidentiary hearings on motions to suppress are not granted as a matter of course but are held only when the defendant alleges sufficient facts which if proven would justify relief. *United States v. Hamm*, 786 F.2d 804, 807 (7th Cir. 1986) ("[A] trial court need only grant a suppression hearing when a defendant presents facts justifying relief, that is, facts which are definite, specific, detailed and nonconjectural.").

---

[2] The government clarified in a subsequent letter that Mitchell did not physically appear before a state official for the probable cause determination. (Gov't May 7, 2015 Letter, Docket # 21.)

As to the first issue—whether there was probable cause to arrest Mitchell—Mitchell has presented sufficient facts to warrant an evidentiary hearing. Probable cause exists if, at the time of arrest, the officers possess knowledge from reasonably trustworthy information that is sufficient to warrant a prudent person in believing that a suspect has committed, or is committing, a crime. *United Stats v. Brown*, 366 F.3d 456, 458 (7th Cir. 2004). This is a fact intensive inquiry. *Jones v. Webb*, 45 F.3d 178, 181-82 (7th Cir. 1995). Mitchell has presented specific, detailed, and nonconjectural facts, as articulated above, challenging whether the officers possessed knowledge from reasonably trustworthy information.

As to issue two—prompt presentment under *McNabb-Mallory*—I will also grant Mitchell's request for an evidentiary hearing. Although the facts Mitchell proffers are less detailed than those presented as to the first issue, I am unable to make a determination as to whether there was a "collusive working arrangement between state and federal officers whereby the salutary purposes of Rule 5 are subtly circumvented," *see United States v. Gaines*, 555 F.2d 618, 624 (7th Cir. 1977), without further developing the record.

**IT IS THEREFORE ORDERED** that Mitchell's request for an evidentiary hearing is **GRANTED**. The evidentiary hearing is scheduled for **May 12, 2015 at 9:00 a.m.**

Dated at Milwaukee, Wisconsin this 8th day of May, 2015.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge