# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

    v.                                **Case No. 15-CR-47**

**COREY MITCHELL**
    **Defendant.**

## DECISION AND ORDER

The government charged defendant Corey Mitchell in count one with armed bank robbery, contrary to 18 U.S.C. § 2113(a) & (d), and in count two with brandishing a firearm during a crime of violence, i.e., the robbery charged in count one, contrary to 18 U.S.C. § 924(c). Defendant moves to dismiss count two, arguing that bank robbery is not a "crime of violence," defined as an offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Defendant contends that bank robbery cannot serve as a predicate offense under sub. (A), the "force clause," because it can be committed without using or threatening force, and that sub. (B), the "residual clause," is unconstitutionally vague under Johnson v. United States, 135 S. Ct. 2551 (2015). Because I find that bank robbery qualifies as a crime of violence under the force clause, I need not address the residual clause.

The elements of bank robbery under § 2113(a) are: (1) the defendant took from the person or presence of another money belonging to or in the custody of a bank; (2) at the time, the deposits of the bank were insured by the Federal Deposit Insurance Corporation; and (3) the defendant acted to take such money "by force and violence, or by intimidation." Pattern Criminal Jury Instructions of the Seventh Circuit 539 (2012 ed.). "'Intimidation' means to say or do something that would make a reasonable person feel threatened under the circumstances." Id. at 540.[1]

Apparently conceding that taking money by "force and violence" would qualify under § 924(c)(3)(A), defendant focuses on the word "intimidation." First, he argues that intimidation may be accomplished via non-physical threats, e.g., "give me money or I'll tell your spouse you've been having an affair." Second, he contends that the force clause requires the intentional use of force, see, e.g., Garcia v. Gonzales, 455 F.3d 465, 468 (4th Cir. 2006); Bazan-Reyes v. INS, 256 F.3d 600, 608 (7th Cir. 2001), but a defendant can be convicted under § 2113(a) even if he did not intend for his acts to be intimidating, see, e.g., United States v. Kelley, 412 F.3d 1240, 1244 (11th Cir. 2005).

The Seventh Circuit has held that bank robbery qualifies as a crime of violence under § 924(c)(3)(A)-(B), without differentiating between the force and residual clauses. See, e.g., United States v. Kirklin, 727 F.3d 711, 715 n.1 (7th Cir. 2013); United States v. Jones, 418 F.3d

---

[1] When the government charges armed bank robbery under 18 U.S.C. § 2113(d), it must additionally prove that (4) the defendant assaulted or put in jeopardy the life of the person by the use of a dangerous weapon or device, while committing or attempting to commit the robbery. Id. at 547. "'Assault' means to intentionally attempt or threaten to inflict bodily injury upon another person with the apparent and present ability to cause such injury that creates in the victim a reasonable fear or apprehension of bodily harm." Id. at 549. "'Put in jeopardy the life of any person' means to knowingly do an act which exposes another person to risk of death." Id. at 550.

2

726, 729 (7th Cir. 2005).[2] However, Seventh Circuit cases construing the term "intimidation" establish that bank robbery qualifies under the force clause. As Judge Kennelly recently explained in rejecting a similar argument:

> The Seventh Circuit has repeatedly held that intimidation refers to a threatened use of physical force. See United States v. Gordon, 642 F.3d 596, 598 (7th Cir. 2011) ("intimidation exists when a bank robber's words and actions would cause an ordinary person to feel threatened, by giving rise to a reasonable fear that resistance or defiance will be met with force."); United States v. Thornton, 539 F.3d 741, 748 (7th Cir. 2008) ("Intimidation is the threat of force . . . which exists in situations where the defendant's conduct and words were calculated to create the impression that any resistance or defiance . . . would be met with force"); United States v. Smith, 131 F.3d 685, 688 (7th Cir. 1997) ("intimidation is a reasonable fear that resistance will be met with physical force"); United States v. Jones, 932 F.2d 624, 625 (7th Cir. 1991) ("Intimidation means the threat of force"). In Thornton, the court set out a variety of factual circumstances that would involve intimidation, all of which have in common the invocation of a reasonable fear that the defendant "might use physical force to compel" action from the victim. Thornton, 539 F.3d at 749. . . .
>
> Because intimidation requires a threat, albeit in some cases an implied threat, of violent physical force, robbery is a crime of violence within the meaning of section 924(c) even though it can be committed by intimidation rather than actual violence. Indeed, the Seventh Circuit so held in construing the term "crime of violence" as used in a Sentencing Guidelines enhancement. See United States v. Jones, 932 F.2d 624, 625 (7th Cir. 1991) (construing U.S.S.G. § 4B1.2(1)(i); "There is no 'space' between 'bank robbery' and 'crime of violence'").

United States v. Enoch, No. 15 CR 66, 2015 U.S. Dist. LEXIS 142877, at *5-7 (N.D. Ill. Oct. 21, 2015); see also United States v. Strong, No. 15-cr-187, 2015 U.S. Dist. LEXIS 143053, at * 4-5 (W.D.N.C. Oct. 21, 2015) (rejecting a similar argument in light of circuit precedent construing the term "intimidation" to mean threat of bodily harm).

Defendant cites no case upholding a bank robbery conviction based on something like

---

[2]The Fourth and Fifth Circuits concluded, pre-Johnson, that bank robbery qualifies under the force clause. Royal v. Tumbone, 141 F.3d 596, 602 (5th Cir. 1998); United States v. Adkins, 937 F.2d 947, 950 n.2 (4th Cir. 1991). The Ninth Circuit suggested in dicta that robbery falls under the residual clause. United States v. Springfield, 829 F.2d 860, 863 (9th Cir. 1987).

3

a threat to report the teller to the IRS for tax fraud or a threat to report infidelity to the teller's spouse.³  See United States v. Lewis, 405 F.3d 511, 514 (7th Cir. 2005) (finding that robbery under Indiana law, which requires using or threatening force or "putting any person in fear," qualifies under the U.S.S.G. § 4B1.2 force clause because the "'fear' in this formulation is fear of physical injury rather than of defamation").  Like the Indiana robbery statute at issue in Lewis, § 2113(a) "is not a blackmail statute."  Id.  Rather, the Seventh Circuit's cases consistently refer to intimidation as involving a threat to use physical force if the robber's demands are not met.  See also United States v. Mitchell, 743 F.3d 1054, 1059 (6th Cir.) (finding that robbery under Tennessee law, which requires taking property "by violence or putting the person in fear," qualifies under the force clause of 18 U.S.C. § 924(e)(2)(B)(i) because Tennessee courts construed the statute to require fear of bodily injury rather than emotional harm or distress), cert. denied, 135 S. Ct. 158 (2014).

Defendant's argument based on Garcia and Bazan-Reyes also misses the mark because those cases involved crimes of recklessness.  455 F.3d at 468 (reckless assault); 256 F.3d at 606 (drunk driving).  Section 2113(a) may be a general intent statute, see United States v. Durham, 645 F.3d 883, 891 n.1 (7th Cir. 2011), but taking money by force, violence, or intimidation involves a higher degree of culpability than accidental, negligent, or reckless

---

³Defendant cites United States v. Burnley, 533 F.3d 901 (7th Cir. 2008) as an example of intimidation without threat of physical force.  In that case, the court held on plain error review that the defendants' demands for money constituted intimidation.  Id. at 903-04.  However, the court noted that its consideration of the issue was "heavily influenced by the procedural posture in which it reaches us," id. at 903, as trial counsel had conceded the robberies during opening and closing argument, id. at 904.  Importantly, the Burnley court reiterated that intimidation exists when the defendant's words and conduct create the impression that any resistance or defiance by the teller would be met with force.  Id. at 903 (citing Jones, 932 F.2d at 625).  In Thornton, the court characterized Burnley as involving "an implicit threat of force."  539 F.3d at 750.

4

conduct, see, e.g., United States v. Merinord, No. 15-CR-136, 2015 U.S. Dist. LEXIS 145009, at *10-11 (E.D.N.C. Oct. 26, 2015); United States v. Standberry, No. 15CR102, 2015 U.S. Dist. LEXIS 138355, at *15 (E.D. Va. Oct. 9, 2015). While a defendant need not have the specific intent to intimidate, the government is required to prove knowledge with respect to the actus reus of the crime. Carter v. United States, 530 U.S. 255, 269 (2000). And the Supreme Court has held (distinguishing its own drunk driving case) that the knowing or intentional application of force is a use of force. United States v. Castleman, 134 S. Ct. 1405, 1415 (2014) (citing Leocal v. Ashcroft, 543 U.S. 1 (2004)).

I accordingly join those courts holding, post-Johnson, that robbery offenses qualify as crimes of violence under the force clause. See, e.g., United States v. Bruce, No. 14-CR-442, 2015 U.S. Dist. LEXIS 144108, at *3-4 (N.D. Tex. Oct. 13, 2015) (bank robbery); Strong, 2015 U.S. Dist. LEXIS 143053, at * 4-5 (same); see also United States v. Anglin, No. 14-CR-3, 2015 U.S. Dist. LEXIS 151027, at *19-20 (E.D. Wis. Nov. 6, 2015) (Clevert, J.) (Hobbs Act robbery); United States v. Brownlow, No. 15-cr-34, 2015 U.S. Dist. LEXIS 144784, at *14-15 (N.D. Ala. Oct. 26, 2015) (same); United States v. Hunter, No. 12cr124, 2015 U.S. Dist. LEXIS 144493, at *5 (E.D. Va. Oct. 23, 2015) (same); United States v. Evans, No. 15-CR-57, 2015 U.S. Dist. LEXIS 142477, at *15 (E.D.N.C. Oct. 20, 2015) (same); United States v. Melgar-Cabrera, No. CR 09-2962, 2015 U.S. Dist. LEXIS 145226, at *11 (D.N.M. Aug. 24, 2015) (same).

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss (R. 49) is **DENIED.**

Dated at Milwaukee, Wisconsin, this 17th day of November, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge